UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARKADII TAGANSKII, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-764 |
| | § | |
| WDN. MARTIN FRINK, *et al.* | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Arkadii Taganskii, a detainee in the custody of Immigration and Customs Enforcement (ICE), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 6). The petitioner argues his prolonged detention in excess of six months violates his due-process rights as held in *Zadvydas v. Davis*, 533 U.S. 678 (2001), among other claims. The Court ordered the respondents to answer the petition (Dkt. 8). The federal respondents filed a motion to dismiss or for summary judgment (Dkt. 12) and the petitioner responded (Dkt. 14). Having reviewed the petition, the briefing and exhibits, the applicable law, and all matters of record, the Court concludes that the respondents' motion should be **denied** and that habeas relief should be **granted in part**. The Court's reasons are explained below.

## I.    BACKGROUND

Taganskii is a citizen of Russia who entered the United States on or about May 5, 2024, to seek political asylum on the basis of his political opinion, in particular, his opposition to Russia's invasion of Ukraine. He was detained upon arrival and has been in

immigration detention since that time, now exceeding two years.  He expressed fear of returning to Russia and his matter was referred to the United States Citizenship and Immigration Services (USCIS), which made a positive determination of fear.  Taganskii was placed in removal proceedings (Dkt. 6, at 2; Dkt. 12-1, at 2-3).

On November 21, 2024, an immigration judge granted Taganskii withholding of removal to Russia (Dkt. 6, at 1; Dkt. 6-1, at 3-9; Dkt. 12-1, at 3).  The Government did not appeal, rendering his removal administratively final on December 22, 2024 (Dkt. 6, at 2; Dkt. 12-1, at 3). He has been detained for approximately 18 months since his removal order was final.

The respondents present a declaration from a deportation officer stating that, in 2025, immigration officials submitted third-country removal requests to the Netherlands, Bolivia, Georgia, El Salvador, Panama, and Costa Rica, but that no country agreed to accept the petitioner (*id*.).  The petition states that, at the petitioner's request, his counsel contacted the embassies or consulates of more than 30 countries to find one willing to accept him, but that all required application processes that are impossible for the petitioner to complete while detained (Dkt. 6, at 9).

Taganskii filed this federal action on January 31, 2026.  His petition seeks immediate release from custody based on *Zadvydas* and other grounds (Dkt. 6, at 29-36). He alleges at length that the conditions of his custody have worsened his physical and mental health (*id*. at 12-15).

On February 18, 2026, the Court ordered an expedited answer and required 5-day notice of any anticipated or planned transfer of the petitioner outside of the Southern

District of Texas (Dkt. 8).  On March 2, 2026, the respondents filed an advisory stating that they planned to remove the petitioner to Uzbekistan on March 8, after the 5-day period expired (Dkt. 9; Dkt. 9-1).  After the petitioner filed a motion for emergency relief, the Court extended its stay on the petitioner's transfer for an additional 14 days (Dkt. 11).  The declaration filed with the respondents' dispositive motion, which was executed on March 10, 2026, states that the petitioner claimed fear regarding removal to Uzbekistan, was moved to the "fear docket," and was removed from the March 8 flight manifest (Dkt. 12-1, at 4).  His case was then submitted to USCIS for review (*id.*).  The respondents have not provided any updated information since that time.

On June 15, 2026, the petitioner filed a *pro se* status report (Dkt. 15), a *pro se* motion for release (Dkt. 16), and a motion to appear *pro se* (Dkt. 17).  On the same day, the petitioner's counsel filed an unopposed motion to withdraw (Dkt. 18), which the Court granted (Dkt. 19).  The petitioner remains detained.

## II.    LEGAL STANDARDS

The respondents seek summary judgment.  Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013).  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact.  *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  "A fact is 'material' if its

resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Id*. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id*. The nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (cleaned up).

In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (cleaned up). A plaintiff's statements may be sufficient to demonstrate a genuine issue of material fact. *See Bourne v. Gunnels*, 921 F.3d 484, 492-93 (5th Cir. 2019). However, the non-movant cannot avoid summary judgment simply by presenting "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (cleaned up); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, "[s]elf-serving affidavits and declarations, like all summary judgment evidence, must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021) (cleaned up) (citing FED. R. CIV. P. 56(c)(4)).

## III.   <u>ANALYSIS</u>

Taganskii seeks habeas relief from his extended detention under 28 U.S.C. § 2241 based on the Due Process Clause, among other grounds (Dkt. 6).

As a preliminary matter, the respondents seek dismissal on the grounds that the petitioner seeks only information from the respondents and does not bring a claim for release that is cognizable on habeas review (Dkt. 12, at 1, 3). However, the Court ordered the respondents to answer Taganskii's petition (Dkt. 6), which clearly brings habeas claims and seeks immediate release. *See* Dkt. 8, at 1. Therefore, the Court declines to dismiss the case on this basis.

The respondents alternatively argue that the petitioner is lawfully detained under 8 U.S.C. § 1231 and that his removal is likely in the reasonably foreseeable future (Dkt. 12, at 3-4). The detention of non-citizens who are under a final order of removal is governed by 8 U.S.C. §1231. The statute provides that, in general, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The Attorney General has discretion to extend detention "beyond the removal period" in some cases:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

The Due Process Clause of the Fifth Amendment protects the liberty interest of all persons within the United States, including non-citizens. *Zadvydas*, 533 U.S. at 693. In *Zadvydas*, the Supreme Court considered the detention of a non-citizen with a criminal

record.   Although an immigration judge had ordered Zadvydas deported to Germany, Germany would not accept him, and his detention was extended beyond the 90-day removal period authorized by 8 U.S.C. § 1231(a)(6).   While noting that § 1231(a)(6) authorizes the Attorney General to detain a removable alien beyond the removal period, the Supreme Court held that indefinite detention, or detention for more than "reasonably necessary to secure the alien's removal," violates the Due Process Clause.  *Id.* at 682.  The Court instructed that, when a habeas court decides a *Zadvydas* challenge, the court "should hold continued detention unreasonable and no longer authorized by statute" if removal "is not reasonably foreseeable."  *Id.* at 699-700. The Court further determined that detention for "more than six months" is presumptively unreasonable.  *Id.* at 701.  Under *Zadvydas*'s burden-shifting framework, a petitioner seeking habeas relief has the initial burden to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" after six months have elapsed.  *Id.*  If the petitioner makes this showing, the burden shifts to the respondents to rebut the showing.  *Id.*

Taganskii claims that his continued detention violates *Zadvydas*.  He has been detained approximately 18 months since his final order of removal and has been granted withholding of removal to Russia.  He alleges that the respondents have made multiple, unsuccessful attempts to remove him to a third county, that his scheduled removal to Uzbekistan did not occur after he expressed fear regarding the removal, that the matter of his potential removal to Uzbekistan is pending before USCIS, and that the timetable for completion of USCIS' review is unknown. These pleaded facts are not conclusory or

speculative and satisfy his burden to demonstrate a good reason to believe that his removal is not likely in the reasonably foreseeable future.

The burden thus shifts to the respondents to rebut the petitioner's showing. The respondents' motion filed on March 11, 2026, states that "ICE is currently working to remove Petitioner and, depending upon the outcome of the fear assessment [pending before USCIS], his removal to a third country is likely to take place in the very near future" (Dkt. 12, at 4). The supporting declaration states that the "[c]redible fear package" was submitted to USCIS on March 9, 2026, but makes no representations regarding the length of the review process or a likely timetable for removal (Dkt. 12-1, at 4). The respondents have filed no updates since March, and Taganskii remains detained. Additionally, the petitioner points out that, apart from the fact that the completion date of USCIS' review is unknown and outside of the respondents' immediate control, the respondents have not produced travel documents regarding Uzbekistan or any other evidence that the petitioner's removal to Uzbekistan would be executable (Dkt. 14, at 3-4, 11-14).

Even assuming that the respondents are making every effort to remove the petitioner to Uzbekistan, such a showing would be insufficient to meet the respondents' burden. A good faith effort by the respondents to carry out a removal does not satisfy their burden under *Zadvydas*. *See Zadvydas*, 533 U.S. at 702 (reversing holding that relied in part on the respondents' good faith efforts to deport Zadvydas). Rather, the respondents must show a significant likelihood of removal in the reasonably foreseeable future. Because the respondents do not present evidence supporting the likelihood of removal to any country in the reasonably foreseeable future, they fail to rebut the petitioner's showing.

7 / 9

Although the respondents have authority to enforce the order to remove Taganskii to a country other than Russia, they may not detain him indefinitely while attempting to carry out his removal. Therefore, habeas relief will be granted.

The Court does not address Taganskii's remaining claims.

## IV.    CONCLUSION

For the reasons stated above, the Court **ORDERS** as follows:

1. The respondents' motion to dismiss or for summary judgment (Dkt. 12) is **DENIED**.

2. The petition for a writ of habeas corpus (Dkt. 6) filed by Arkadii Taganskii is **GRANTED in part**.

3. The respondents are **ORDERED** to **RELEASE** the petitioner from custody to a public place **within 48 hours** of this order.  The petitioner's release is subject to 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5.

4. The respondents are further **ORDERED** to inform the petitioner of the time and location of release **at least 12 hours before the release**.

5. Because the petitioner now proceeds *pro se*, the respondents are additionally **ORDERED** as follows:

   a.  To notify any and all persons in their records as contacts for the petitioner, including immigration counsel and/or family members and friends of the petitioner, of the time and location of release at least **12 hours before the release**;

8 / 9

    b. To facilitate the petitioner's communication with family, friends, or other parties able to assist him with safe transit upon his release;

    c. To work with the petitioner's contacts to ensure safe transit upon release; and,

    d. Not to impede the petitioner's efforts or ability to secure safe transit upon release.

6. The respondents are further **ORDERED** to return to the petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during his detention.

7. Any possible or anticipated removal or transfer of the petitioner under this present detention is **PROHIBITED** and **ENJOINED.**

8. The respondents are further **ORDERED** to file a status report updating the Court **within 72 hours** of this order.

9. All other pending motions are **DENIED as moot** to the extent not granted above.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____June 22_____, 2026.


_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE